UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**UNITED STATES OF AMERICA**

    Plaintiff,

v.                                                   **Case No.** 2:21 CR 25

**MIGUEL CAMACHO-RAMON**

    Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

This sentencing memorandum is being submitted for the Court's consideration of Defendant Miguel Camacho-Ramon's request for a sentence of 38 days' time already served.

Miguel Camacho-Ramon appeared before this Court and pled guilty, pursuant to a plea agreement, to reentry after removal, 8 U.S.C. § 1326(a). The Guideline calculation in the plea agreement includes a recommended 2 level reduction for acceptance of responsibility under § 3E1.1(b).

**ARGUMENT**

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. Under *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Second Circuit Court of Appeals instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure provisions: "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with all of the

factors listed in Section 3553(a)." *Crosby*, 397 F.3d at 112. These findings have been upheld and supported by the Seventh Circuit in *United States v. Paladino*, 401 F.3d 471 (7th Cir. Ill. 2005). This Court must give due consideration to the factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in *Booker*, 543 U.S. 220, and the Seventh Circuit's decision in *Paladino*, 401 F.3d 471.

Taking into account the history and characteristics of Miguel Camacho-Ramon, this Court should consider imposing a sentence of no more 38 days' time already served as a sentence that is reasonable punishment for the instant offense, as well as a sentence that is sufficient, but not greater than necessary.

## I. Title 18 United States Code Section 3553(a)(1) Factors

### A. The Nature and Circumstance of the Offense

Miguel Camacho-Ramon has accepted responsibility for his own actions.

### B. History and Characteristics of Miguel Camacho-Ramon

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Now, after the Supreme Court's decision in *Booker*, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Camacho-Ramon's history and characteristics are such that a sentence of no more than 38 days' time already served would be sufficient, but not greater than necessary.

### 1. Personal Background

Miguel Camacho-Ramon was born in March of 1984 in San Andres Tustla, Veracruz, Mexico, to parents Araceli Ramon and Angel Camacho. He grew up with three

2

siblings. His two younger sisters still remain in Mexico with his parents. His brother Alejandro Camacho was beat up by a local gang, which caused significant internal organ damage. Alejandro died of his injuries at the age of 26.

Miguel has lived in Michigan City, Indiana, for the past nine years. He has lived in Michigan City for a total of 20 years, but he has also lived in Paintsville, Kentucky. Miguel met Shannon Wingard in 2006, and the pair married in January 2007. They were married for a total of two years but continued to reside together for 10 additional years. Miguel has also had a prior relationship with Robyn Jones. Robyn and Miguel have a daughter together, A, who is now five years old. Miguel also has a 10 year-old son, D, from a different prior relationship.

Regarding medical issues, Miguel suffers from high blood pressure and occasionally experiences chest pains. He is currently receiving medication to treat his two medical issues. Miguel has also been diagnosed with depression as of two years ago and is taking medication for that condition as well. He was hospitalized once about three years ago, after being hit by a car in 2019. He sustained various injuries to his forehead and extremities and was hospitalized for approximately one week. Miguel is not a current consumer of alcohol, nor has he used any drugs.

Regarding education, the only education Miguel has received was nine years of elementary and secondary schooling in Mexico. He has had no schooling in the United States.

Regarding employment, Miguel has been employed at R. L. Roofing in Michigan City. He worked approximately 70 hours every week and earned an excellent wage of

$23 an hour. He was a valued employee for the past 10 years. Beyond that, Miguel has worked in roofing, and buying and selling vehicles.

### C. No need for a Longer Sentence to Reflect the Seriousness of the Offense

Miguel Camacho-Ramon is 38 years old, has 3 prior misdemeanor convictions, and no felony convictions. On July 28, 2020, Miguel was arrested in Porter County with one count domestic battery misdemeanor, and one count interference with the reporting of a crime, also a misdemeanor. See PSR Paragraph 35. He was held in custody from that point. He was later charged in Porter County with additional charges as described in paragraphs 36 and 37 of the PSR. On July 14, 2021, Miguel was charged in Portage Superior Court with two counts of obstruction of justice, one count of obstruction of justice while knowingly or intentionally inducing by threat, and 13 counts of invasion of privacy for violating a no contact order. See PSR Paragraph 38. Miguel took the obstruction and invasion of privacy case to trial, and on July 22, 2022, he was found not guilty at trial regarding the first 5 counts: the obstruction counts and two of the invasion of privacy counts. The remaining counts 6 through 17 were dismissed without prejudice. See PSR Paragraph 38. On September 23, 2022, the Porter County charges referenced in PSR Paragraphs 35, 36, and 37 were all dismissed without prejudice due to the instant federal indictment. See PSR Paragraphs 35, 36, and 37. Miguel has one open and pending charge out of Marshall Superior Court for knowingly or intentionally operating motor vehicle without a license misdemeanor and a speeding infraction. See PSR Paragraph 31.

According to Sue Sandage from the Porter County Jail, Mr. Camacho-Ramon has time credit for time spent in custody from July 28, 2020, to September 23, 2022, for a

4

total of two years, one month, and 26 days, or approximately 26 months. Exhibit A. In the instant federal matter, Mr. Camacho-Ramon was served the federal warrant for this case on September 23, 2022. He has been held in continuous custody since then for a total of 38 days as of October 31, 2022. As a result, Mr. Camacho-Ramon has over 27 months of available credit time that can attach towards this sentence. No matter how we approach his credit time, Miguel Camacho-Ramon has overserved his sentence. As a result, we respectfully request a sentence of 38 days' time already served.

He understands the gravity of this offense. Miguel has admitted to this conviction, and fully accepts responsibility for his actions.

## CONCLUSION

For these reasons, Miguel Camacho-Ramon respectfully requests that the Court sentence him to 38 days' time already served as a sentence that is sufficient, but not greater than necessary.

*Date:* October 31, 2022

           Respectfully submitted,

           Northern District of Indiana
           Federal Community Defenders, Inc.

           By:   s/ Roxanne Mendez Johnson
              Roxanne Mendez Johnson
              2929 Carlson Drive, Suite 101
              Hammond, Indiana 46323
              Phone:  (219) 937-8020
              Email: Roxanne_Johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that, on October 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notifications of such filing to all parties of record.

s/ Roxanne Mendez Johnson

s/ Roxanne Mendez Johnson